# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SOUTHERN AIR HOLDINGS, INC., *et al.*,<br><br>Reorganized Debtors.[1] | Case No. 12-12690-CSS<br>(Jointly Administered)<br><br>Chapter 11 |
| BARRY E. MUKAMAL, as Litigation Trustee for the SAI Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>DIVERSIFIED AERO SERVICES, INC., a Florida corporation,<br><br>Defendant(s). | Adv. No. _____ |

**COMPLAINT TO: (I) AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550; AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Barry E. Mukamal, the Litigation Trustee for the SAI Litigation Trust ("Trustee" or "Plaintiff"), by and through the undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers made to DIVERSIFIED AERO SERVICES, INC., a Florida corporation, (the "Defendant"), and in support thereof alleges upon information and belief that:

## NATURE OF THE CASE

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy proceedings pursuant to 11 U.S.C. §§ 547 and 550.

---

[1] The "Reorganized Debtors" in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: (1) Southern Air Holdings, Inc., 6605, (2) Cargo 360, Inc., 4233; (3) Southern Air, Inc., 2187; and (4) Air Mobility Inc., 3824. In connection with the Reorganized Debtors' plan of reorganization, the other affiliated debtors and debtors in possession were dissolved or are in the process of dissolution. The Reorganized Debtors' current address is 7310 Turfway Road, Suite 400, Florence, Kentucky 4102.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 12-12690 (CSS), pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. The statutory and legal predicates for the relief sought herein are sections 547, 550 and 502 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2), as the disallowance of claims against the bankruptcy estate of Debtors ("Bankruptcy Estate") and the Court may enter final orders for matters contained herein.

5. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that he consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

7. On September 28, 2012 (the "Petition Date") Southern Air Holdings, Inc., et al. ("Debtors") each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code ("Bankruptcy Case").

8. On September 28, 2012, the Court entered an order authorizing the joint administration of the Chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [Docket No. 40].

9. On March 18, 2013 the Court confirmed the Second Amended Joint Plan [Docket Nos. 470, 673] (the "Plan"). Pursuant to the Plan, the Reorganized Debtors were given,

> "…the sole and exclusive right to litigate (or abandon) any claims or causes of action that constituted Assets of the Debtors or Debtors in Possession, including, without limitation, any avoidance or recovery actions under sections 541, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, any claims under the Shared Insurance Policies and any other causes of action, rights to payments of claims that may be pending on the Effective Date, to a Final Order, and may compromise and settle such claims, without further approval of the Bankruptcy Court."

10. Pursuant to the Plan, the SAI Litigation Trust ("Litigation Trust") was created for the sole purpose of liquidating and distributing the Liquidation Trust assets. All of Debtors' assets, including Avoidance Actions as defined in the Litigation Trust Agreement, were transferred to the Litigation Trust as a successor-in-interest to the Debtor.

## THE PARTIES

11. Plaintiff Barry E. Mukamal, Litigation Trustee for the SAI Litigation Trust, is authorized to commence suit on behalf of the Litigation Trust and brings this action in accordance with the requirements of the Plan as well as the Litigation Trust Agreement. Pursuant to the Plan, all Avoidance Action Claims, including those asserted herein, are vested in the Litigation Trust. The causes of action set forth herein are being prosecuted in accordance with the Plan and the Litigation Trust and any other applicable requirements.

12. Defendant is DIVERSIFIED AERO SERVICES, INC., a Florida corporation.

## FACTUAL BACKGROUND

13. Prior to the Petition Date the Debtors were providers of long-haul, wide-body air cargo transportation services operating a fleet of eleven aircraft. As an air cargo transportation servicer, Debtors maintained pre-Petition Date business relationships with various business entities (including vendors, creditors, suppliers and distributors) through which the Debtors regularly purchased, received, and/or delivered goods and services. The Debtors, as an air

cargo hauler, also paid for services used to facilitate their air cargo transportation services.

14. During the ninety (90) days before the Petition Date, that is between June 30, 2012 and September 28, 2012 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities.

15. During the course of their relationship, the Debtors and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The known details of each of the Agreements paid for during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit "A." Such details include "Invoice Number," "Invoice Date," "Invoice Amount," and "Antecedent Debt To."

16. The Debtors and Defendant conducted business with one another through and including the Petition Date pursuant to the Agreements.

17. Plaintiff has determined that the Debtors made one or more transfers of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments totaling approximately $10,500.00 or such other amount as may be shown according to proof at trial ("the "Transfer" or "Transfers"). The details of each Transfer and information regarding the Agreements for which payment was made are attached hereto and incorporated by reference as Exhibit "A."

18. Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. As such, Plaintiff reserves his right to amend this Complaint to reflect: (i) additional information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revisions to Defendant'(s) name, (iv) the inclusion of

additional defendants, and/or (v) the inclusion of additional causes of action (including but not limited to, 11 U.S.C. §§ 541, 544, 545, 547, 548, 549, 550, 551 and 553) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for any such Amendments to relate back to this Complaint.

19. Plaintiff acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under Section 547(g).

## CLAIMS FOR RELIEF

### COUNT I

**(Avoidance of Preference Period Transfers - 11 U.S.C. § 547)**

20. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

21. Debtor made one or more transfers to or for the benefit of Defendant between June 30, 2012 and the Petition Date, totaling approximately $10,500.00 or such other amount as may be shown according to proof at trial including without limitation, Transfers set forth on the Statement of Account attached hereto as Exhibit A and incorporated herein by reference. The Statement of Account attached as Exhibit A to this Complaint sets forth information regarding the transfers at issue in the Complaint, including the dates and amounts of the Transfers.

22. Plaintiff is informed and believes, and alleges thereon, that the Transfers made by Debtor constitute transfers of an interest of the Debtor in property.

23. Plaintiff is informed and believes, and alleges thereon, that each of the Transfers was made on account of an antecedent debt.

24. Plaintiff is informed and believes, and alleges thereon, that Defendant was a creditor of the Debtor at the time each of the Transfers was made by virtue of the antecedent debts Debtor owed to Defendant at that time.

25. Plaintiff is informed and believes, and alleges thereon, that each of the Transfers was made while the Debtor was insolvent.

26. Plaintiff is informed and believes, and alleges thereon, that each of the Transfers occurred on or within ninety days before the Petition Date.

27. Plaintiff is informed and believes, and alleges thereon, that the Transfers enabled Defendant to receive more than if the Bankruptcy Case was a Chapter 7 bankruptcy case, the Transfers had not been made, and the Defendant received payment to the extent provided under the Bankruptcy Code.

28. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on Exhibit "A" under the column heading "Antecedent Debt To" to Defendant. See Exhibit "A."

29. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

**(Recovery of Avoided Transfers - 11 U.S.C. § 550)**

30. The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

31. The Defendant was the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

32. Plaintiff is further informed and believes, and alleges thereon, that the Transfers are avoidable under 11 U.S.C. § 547.

33. Plaintiff is further informed and believes, and alleges thereon, that, to the extent that Defendant is not the initial transferee of any of the Transfers, Defendant is the entity for whose benefit each of the Transfers was made or is the immediate or mediate transferee of the initial transferee of such payments.

34. Plaintiff is further informed and believes, and alleges thereon, that, to the extent that Defendant is the immediate or mediate transferee of the initial transferee of the Transfers, Defendant did not take such transfers for value and/or in good faith and/or without knowledge of the voidability of such transfers

35. Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover from the Defendant the Transfers, plus interest thereon to the date of payment, and the costs of this action.

## COUNT III

### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

36. The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

37. Plaintiff incorporates by reference and re-alleges each and every allegation contained in the foregoing paragraphs of this complaint as if set forth in full.

38. Plaintiff is further informed and believes, and alleges thereon, that Defendant is the transferee of the Transfers which are avoidable under 11 U.S.C. § 547.

39. Plaintiff is further informed and believes, and alleges thereon, that Defendant holds property of the Bankruptcy Estate which is recoverable under 11 U.S.C. § 550.

40. Plaintiff is further informed and believes, and alleges thereon, that Defendant has not turned over to the Bankruptcy Estate the property giving rise to liability under 11 U.S.C. § 547.

41. Plaintiff is further informed and believes, and alleges thereon, that Defendant has not paid the amounts recoverable by the Bankruptcy Estate under 11 U.S.C. § 550.

42. Pursuant to Section 502(d) of the Bankruptcy Code, Defendant's claims in the bankruptcy case, if any, should be disallowed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A. Avoiding the Transfers described above under 11 U.S.C. § 547(b);

B. Granting judgment in favor of the Plaintiff against the Defendant in an amount of $10,500.00 or in such other amount as may be shown according to proof at trial;

C. Requiring the Defendant to immediately to pay the amount of the Transfers to the Plaintiff pursuant to 11 U.S.C. § 550(a);

D. Disallowing any Claims of the Defendant, and/or its assignee, if it refuses to turn over any transfers to the Plaintiff pursuant to 11 U.S.C. § 502(d);

E. Awarding pre-judgment and post judgment interest at the maximum legal rate running from the Petition Date, until the repayment amount ordered by this Court, together with all interest and costs, is paid in full;

F. Awarding Plaintiff all his costs and expenses of bringing this lawsuit;

G. Granting the Plaintiff such other and further relief as the Court deems just and proper.

Dated: September 24, 2014

*COLE, SHOTZ, MEISEL, FORMAN & LEONARD, P.A.*

By: /s/ *Therese A. Scheuer*
Therese A. Scheuer, Esq. (No. 5699)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone (302) 652-3131
Facsimile (302) 652-3117

- and -

**BRINKMAN PORTILLO RONK, APC**
Laura J. Portillo (Ca. State Bar No. 186813)
Kevin C. Ronk (Ca. State Bar No. 241598)
Athena Pearl Riley (Of Counsel-Fl Bar No 110423)
4333 Park Terrace Drive, Suite 205
Westlake Village, California 91361
*Counsel for the Litigation Trustee*